UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES "BRYAN" LAKE and TERRY HALL,<br><br>        Plaintiffs,<br><br>    vs.<br><br>FIRST NATIONAL INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | Case No: C 09-00797 SBA<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Dkt. 66 |

   Plaintiffs bring this diversity breach of contract and insurance bad faith action against Defendant.  On November 18, 2010, the Court granted Defendant's motion for summary judgment and entered judgment in favor of Defendant.  Dkts. 64, 65.  The parties are presently before the Court on Plaintiffs' Motion for Reconsideration of Order Granting Summary Judgment Motion and Entry of Judgment.  Dkt. 66.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

**I.    BACKGROUND**

   On September 23, 2008, Plaintiffs filed this action in the Superior Court of California, County of Alameda, premised on a homeowner's insurance policy that Defendant issued to Plaintiffs.  Plaintiffs allege causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing under the policy, based on Defendant's alleged failure to fully compensate Plaintiffs for items stolen from their residence.  On February 24, 2009, the action was removed to this Court on diversity grounds.

   At this point in the proceedings, the parties' dispute has been reduced to three items – a jacket that Plaintiffs contend dates to the Civil War era, a Blackfeet nation outfit, and an animal

shaped staghorn cutlery set (collectively, the "Stolen Items").  As explained in the Court's Order granting Defendant's motion for summary judgment, Plaintiffs possessed the Stolen Items for only a few days.  See 11/18/10 Order at 2, Dkt. 64.  Moreover, Plaintiffs have no photographs of the Stolen Items or documentation supporting the items' authenticity.  Id. Defendant reimbursed Plaintiffs for the replacement value of a replica Civil War jacket and for the value of the Blackfeet nation outfit and staghorn set based on amounts supplied by Defendant's appraiser.  Id. at 8.  However, Plaintiffs requested more for the Stolen Items and subsequently filed this action.

Defendant moved for summary judgment on the ground that Plaintiffs have no evidence that the Stolen Items are more valuable than the reimbursement amounts.  Defendant's motion set forth the evidence available to Plaintiffs and asserted that it was insufficient as a matter of law.  Plaintiffs' opposition to Defendant's motion was based, in part, on the declaration of Martin Willis, an appraiser retained by Plaintiffs to provide opinion testimony in this action. Willis opined as to the value of the Stolen Items.  Id. at 16.  As the Court noted in its summary judgment Order, Willis never saw, handled, or examined the Stolen Items or any photographic evidence of the Stolen Items.  Id.; see also Willis Decl., Dkt. 53-10.  Thus, Willis bases his opinion on the notes from Defendant's interview of Robert Ryan, the original purchaser of the Stolen Items, and "current information" regarding the value of items similar to those described by Ryan.  Willis Decl., Ex. A at 1.  Willis acknowledges in his declaration that he cannot authenticate the jacket as an actual Civil War artifact.  Id. ("I have carefully reviewed the transcripts and I do not have an opinion one way or another as to the authenticity of the jacket.").  Nevertheless, Willis assigns a value of $15,000 to $35,000 to the jacket, based on his opinion that "there were a few attributes" of the jacket as described by Ryan "that sound promising" as to the jacket's authenticity.  Id. at 2.  Similarly, Willis assigns a value to the Blackfeet outfit based solely on a phone call to the Blackfeet Heritage Center, and a value to the staghorn set based on auction values of other sets.  Id. at 3.  Indeed, Willis states that, as to the staghorn set, he does not have any description of it and "it is difficult to envision."  Id.

The Court granted Defendant's motion for summary judgment, finding that the Willis declaration "fails to create an issue of fact as to the authenticity or the value of the Stolen Items at issue, so as to withstand summary judgment." See 11/18/10 Order at 17. Simply put, the Court found Willis' declaration conclusory and not sufficiently probative to support a jury finding in Plaintiffs' favor. Id. Now, Plaintiffs seek reconsideration of the Court's Order, contending that the Court committed clear error in its ruling regarding Willis' testimony.

## II.   LEGAL STANDARDS

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Under either theory, a district court's denial of a motion for reconsideration is reviewed under an abuse of discretion standard. Id. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

1  "[T]he district court functions as the gatekeeper for expert testimony" in connection
2  with a motion for summary judgment. Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997).
3  To defeat a properly supported summary judgment motion, the opposing party must proffer
4  admissible evidence that "set[s] forth specific facts" showing a genuinely disputed factual
5  issue. Fed.R.Civ.P. 56(e). "Conclusory expert assertions cannot raise triable issues of material
6  fact on summary judgment." Sitrick v. Dreamworks, LLC, 516 F.3d 993, 1001 (Fed. Cir.
7  2008).

### III.    ANALYSIS

Plaintiffs argue that "the Court committed clear error" when it determined that Plaintiffs' claims "cannot survive summary judgment because Plaintiffs have submitted no credible evidence that any of the disputed items are more valuable than what Defendant paid for them under the Policy." Plfs.' Mtn. at 2. Simply stated, Plaintiffs object to the Court's finding that Willis' testimony does not create a triable issue of fact as to the value of the Stolen Items.

At the outset, the Court already considered and rejected Plaintiffs' factual and legal arguments in support of the Willis declaration, as Defendant specifically asserted in its summary judgment papers that the Willis declaration fails to raise a triable issue of material fact. Indeed, Plaintiffs make the same arguments now in support of the declaration that they previously made in opposing Defendant's summary judgment motion. As stated above, a motion for reconsideration is "not a vehicle for relitigating old issues … or otherwise taking a 'second bite at the apple.'" Sequa Corp., 156 F.3d at 144.

Nevertheless, Plaintiffs' arguments remain unpersuasive. Specifically, Plaintiffs argue that "[n]o authority cited by the Court supports the proposition that Mr. Willis' inability to physically see or handle the Civil War jacket, the Blackfeet clothing or headdress, or the staghorn service for four, or definitively determine the authenticity of the Civil War jacket, renders Mr. Willis' stated opinions regarding the values of disputed items insufficient to raise a triable issue that Plaintiffs were damaged." Plfs.' Mtn. at 7. In so arguing, Plaintiffs contend the Court misapplied Sitrick, which holds that "[c]onclusory expert assertions cannot raise

triable issues of material fact on summary judgment." 516 F.3d at 1001. Plaintiffs assert that Sitrick is not dispositive because it only stands for the proposition that "opinion not based on actual information or presented by a person not competent to give opinion may not defeat summary judgment." Plfs.' Mtn. at 6. According to Plaintiffs, here, Willis' testimony is based on "actual information," specifically, the notes from Defendant's interview of Robert Ryan, the original purchaser of the Stolen Items, and "current information" regarding the value of items similar to those described by Ryan. However, the Court already considered and rejected that argument. As explained in the Court's Order, Willis concedes he has no opinion as to the jacket's authenticity. See 11/18/10 Order at 16. He acknowledges he never saw or handled the jacket, and instead relied on Ryan's testimony. Id. Also, it is not clear from the evidence presented that Ryan and Plaintiffs are even referring to the same item when they speak of the "Civil War jacket," given that Ryan testified that the garment was more like a tunic or a shirt than a jacket. Id. With respect to the Blackfeet outfit and staghorn set, the Court explained that Willis never saw the items and has only a scant description of them, and therefore cannot meaningfully opine on their value. Thus, as previously found by the Court, the "information" upon which Willis relies is not sufficient to elevate his opinions beyond mere speculative conclusions. As such, the Court's findings are fully supported by the holding of Sitrick.

Plaintiffs also take issue with the Court's reliance on Triton Energy Corp. v. Square D Co., 68 F.3d 1216 (9th Cir. 1995), which Defendant cited in its summary judgment motion. There, a fire damaged an airplane hangar and the airplanes inside of it. An allegedly defective circuit breaker was destroyed before it could be tested to determine whether it caused the fire. The manufacturer of the circuit breaker, who had been sued for the breaker's alleged role in causing the fire, moved for summary judgment.

In opposition, the plaintiff offered an expert declaration from Douglas Bennett, who opined that the circuit breaker must have been defective when it left the factory, and specified the design defects that he believed caused the fire. Bennett testified that his opinion was based on modifications that defendant's expert testified were made to the circuit breaker's case, and on a photograph of the circuit breaker taken by the fire department. Id. at 1219. In affirming

1 the district court's grant of summary judgment, the Ninth Circuit held that Bennett's
2 declaration could not defeat summary judgment by creating a fact issue:

> Triton's entire case rests precariously on the opinion of its expert, Douglas Bennett, who never examined the allegedly defective circuit breaker. This substantially impaired his ability to express a reliable expert opinion based upon specific facts. Therefore, we find that Bennett's expert opinion and the inferences Triton seeks to draw from it are not of sufficient quantum or quality to create genuine issues of material fact.

Id. at 1222.

As explained by this Court in its summary judgment Order, the same rational applies to the Willis testimony: "Willis is attempting to value a jacket that he has never seen" based on "partial (and, here, inconsistent) descriptions of the jacket," and therefore "Willis' expert opinion, and the inferences Plaintiffs draw from it are not sufficient to defeat summary judgment." See 11/18/10 Order at 17. The Court further found: "Plaintiffs offer testimony from Willis regarding the Blackfeet outfit and staghorn set, which is also insufficient to create a triable issue of fact. Willis never saw the items, has only a scant description of them, and therefore cannot meaningfully opine on their value." Id.

Now, Plaintiffs once again argue that Triton does not apply, as they did in their opposition to Defendant's summary judgment motion. As with Sitrick, Plaintiffs claim that the expert's opinion in Triton was "not based on actual information," as purportedly is the case with the Willis declaration. Plfs.' Mtn. at 6. As stated above, the Court found that the "information" that Willis relies upon is not sufficient to support his conclusions. Moreover, Plaintiffs mischaracterize the facts of Triton. In Triton, the expert had the benefit of a photograph of the circuit breaker and reports of testing performed by the defendants' experts. Here, Willis admits that he had no photographic evidence of the Stolen Items, and states that his opinion relies on the notes from Defendant's interview of Ryan and "current information" regarding items that Willis assumes are similar to those described by Ryan. Thus, Triton involved an even more reliable basis for expert testimony, i.e., a photograph, than is present in the current action. Nonetheless, the Ninth Circuit in Triton found the expert testimony

1 | insufficient to create a genuine issue of material fact.  Thus, <u>Triton</u> fully supports the Court's
2 | finding regarding the Willis declaration.

3 |      At bottom, Plaintiffs simply disagree with the Court's decision and seek to reargue old
4 | issues.  As such, Plaintiffs fail to meet their burden in establishing that the Court committed
5 | clear error in granting Defendant's summary judgment motion.

## IV. **CONCLUSION**

     For the foregoing reasons, Plaintiffs' Motion for Reconsideration of Order Granting Summary Judgment Motion and Entry of Judgment (Dkt. 66) is DENIED.  The March 15, 2011 hearing on the motion is VACATED.  This Order terminates Docket 66.

     IT IS SO ORDERED.

Dated: March 10, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge